# EXHIBIT B

3/31/2021 4:28 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-001413
Ruben Tamez

CAUSE NO. D-1-GN-21-001413

| | | |
|---|---|---|
| **JOHN ANDREW ARNOLD, individually** | § | **IN THE DISTRICT COURT** |
| **and derivatively on behalf of** | § | |
| **PERMITROCKET SOFTWARE, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | 455TH **JUDICIAL DISTRICT** |
| | § | |
| **PERMITROCKET SOFTWARE, LLC,** | § | |
| **MAYKEL MARTIN, AND MARILIN** | § | |
| **MARTIN,** | § | |
| *Defendants* | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE TRAVIS COUNTY DISTRICT COURT:

John Andrew "Drew" Arnold, Plaintiff in the above-numbered and entitled cause, hereby

files this Original Petition, complaining of and against PermitRocket Software, LLC, Maykel

Martin, and Marilin Martin, Defendants herein, and in support of the causes of action, Plaintiff

would respectfully show as follows:

### I. DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff hereby declares that

discovery in this lawsuit is intended to be conducted under Level 3, in accordance with Rule 190.4

of the Texas Rules of Civil Procedure.

### II. PARTIES

2.      Plaintiff John Andrew "Drew" Arnold ("Drew" or "Plaintiff") is an individual residing in

Travis County, Texas.  Drew brings suit in his individual capacity, as well as derivatively on

behalf of PermitRocket Software, LLC, which is a closely held limited liability company of which

Drew is a member.

# EXHIBIT B

3.      Defendant PermitRocket Software, LLC ("PermitRocket") is a foreign limited liability company organized under the law of the State of Florida. PermitRocket may be served through its registered agent, Maykel Martin, at 10144 SW 78 CT, Miami, Florida 33156.

4.      Defendant Maykel Martin ("Maykel") is an individual residing in Miami, Florida. Maykel may be served at 11767 South Dixie Highway, #295, Miami, Florida 33156, or wherever he may be found.

5.      Defendant Marilin Martin ("Marilin") is an individual residing in Miami, Florida. Marilin may be served at 11767 South Dixie Highway, #295, Miami, Florida 33156, or wherever he may be found. (Collectively, when appropriate, Maykel and Marilin may sometimes be referred to herein as "the Martins.")

## III.   JURISDICTION AND VENUE

6.      Travis County, Texas is the proper county for venue of this lawsuit, pursuant to section 15.002(a)(1) and (3) of the Texas Civil Practice and Remedies Code.   Venue is proper in Travis County, Texas because it is the county in which occurred all or a substantial part of the events or omissions giving rise to the claims.   This Court has personal and subject matter jurisdiction in this lawsuit, and the amount of damages sought are within the jurisdictional limits of this Court. Plaintiff seeks judgment against Defendants for monetary relief in an amount over $250,000.00. Further, Plaintiff affirmatively pleads that he seeks injunctive relief, pursuant to Tex. R. Civ. P. 47(c)(2).

## IV.   FACTS

7.      PermitRocket provides an enterprise SaaS (Software-as-a-Service) product called the ePermitHub Digital Plan Room Plug-in for the Accela Regulatory Permitting Software, which is used by hundreds of US-based local, county, and state government regulatory agencies as their permitting system-of-record software. The ePermitHub Digital Plan Room Plug-in for Accela

# EXHIBIT B

streamlines the building and land development plan review process for developers and construction firms applying for construction permits.

8.      The ownership interests in PermitRocket are as follows: Drew: 31.5%; Maykel: 31.5%; Marilin: 25%; and, Seth Axthelm: 12%.

9.      The Martins are attempting to defraud Drew of his ownership interest in that entity, which is profitable.   Despite repeated requests, the Martins have: refused to execute documents memorializing Drew's 31.5% ownership interest in PermitRocket; refused to allow Drew access to the books and records of PermitRocket, including its bank records; refused to distribute profits of PermitRocket pursuant to the parties' ownership interests; concealed the profits of PermitRocket and converted those profits for their own personal use and benefit, and engaged in other behavior and actions with the intent to deprive Drew of his ownership interest in PermitRocket.   The Martins are also secreting the profits of PermitRocket and converting those for their personal use and benefit, and are wasting the assets of PermitRocket.

## V.   CAUSES OF ACTION

Each of the foregoing paragraphs is incorporated as if fully set forth here, and alleged in specific reference to the following cause of action:

10.   <u>Declaratory Relief</u>.   Drew seeks a declaratory judgment against PermitRocket and the Martins under Tex. Civ. Prac. & Rem. Code Chapter 37 (the Uniform Declaratory Judgment Act). Drew requests that this court enter a declaratory judgment declaring that Drew is a 31.5% owner of PermitRocket.

11.   <u>Fraud against the Martins.</u> The Martins made material misrepresentations of fact to Drew with the intent to harm Drew. The Martins falsely stated to Drew that in exchange for Drew's work product, intellectual property, business savvy, and general expertise, they would honor his 31.5% interest in PermitRocket. Without the false assurances from the Martins, Drew would not have

# EXHIBIT B

entered into a business relationship with the Martins and devoted his time, energy, expertise, and property to PermitRocket. The Martins knew said representations were false in that they never intended to honor Drew's 31.5% ownership interest, and knew that Plaintiff relied upon such false representations, said conduct amounting to fraud.   Drew herein seeks from the Martins all of his actual damages resulting from their fraud, and exemplary damages.

12.     <u>Breach of Fiduciary Duty</u>.   The Martins owed a fiduciary duty to Drew and PermitRocket. The Martins intentionally breached that duty by the actions set forth above, causing damages to Drew for which he sues herein.

13.     <u>Civil Conspiracy</u>.   The Martins have conspired by concerted action to effectuate the fraud that resulted in Drew's injuries and damages.

14.     Drew affirmatively pleads that he seeks injunctive relief, pursuant to Tex. R. Civ. P. 47(c)(2).

## VI.   REQUEST FOR BOOKS AND RECORDS OF PERMITROCKET

15.     Drew is an owner of PermitRocket.   Defendants have not timely provided regular reports regarding the operations of the business entity, and have failed to provide to Drew access to PermitRocket's books and records.   Drew has made numerous requests to Defendants for books, records and financial information, but to date, those requests have not been fully honored.

16.     Specifically, the books and records of PermitRocket to which Drew requests access for inspection and copying are:

> (1)   books and records pertaining to all bank accounts owned by PermitRocket for the time period of January 1, 2017 through present, including, but not limited to, all QuickBooks or other accounting or bookkeeping software data;

> (2)   the name and mailing address of each owner or member of PermitRocket for the time period January 1, 2017 through present;

> (3)   PermitRocket's certificate of formation, including any amendments to or restatements of the certificate of formation;

# EXHIBIT B

    (4)   a list that states, as of January 1, 2021:

        a)   the percentage or other interest in the limited liability company owned by each member; and

        b)   if one or more classes or groups of membership interests are established in or under the certificate of formation or company agreement, the names of the members of each specified class or group;

    (5)   a copy of PermitRocket's federal and state income tax returns for each of the four preceding tax years;

    (6)   if PermitRocket's company agreement is in writing, a copy of the company agreement, including any amendments to or restatements of the company agreement;

    (7)   an executed copy of any powers of attorney for the time period January 1, 2017 through present;

    (8)   copies of all monthly statements from any financial institution where PermitRocket owns an account for the time period January 1, 2017 through present;

    (9)   a copy of any document that establishes a class or group of members of the company as provided by the company agreement; and

    (10)   unless stated in a written company agreement, a written statement of:

        a)   the amount of a cash contribution and a description and statement of the agreed value of any other contribution made or agreed to be made by each member;

        b)   the dates any additional contributions are to be made by a member;

        c)   any event the occurrence of which requires a member to make additional contributions;

        d)   any event the occurrence of which requires the winding up of the company; and

        e)   the date each member became a member of the company.

## VII.  APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

17.     Plaintiff's application for a temporary restraining order is authorized by Section 65.011 of the Texas Civil Practice and Remedies Code.

18.     An applicant for injunctive relief must plead and prove the following three specific elements: (1) a cause of action against the defendants; (2) a probable right to the relief sought; and

# EXHIBIT B

(3) a probable, imminent, and irreparable injury in the interim.   *See Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002). Plaintiff here pleads and offers proof of each.

19.      Drew asks the Court to issue a Temporary Restraining Order, then a temporary injunction, and, ultimately, a permanent injunction against Defendants ordering Defendants to provide access to the books and records of PermitRocket as set forth above.

20.      Drew has set forth valid claims under the statutory and common law of Texas in this Petition.

21.      In addition, Drew pleads and demonstrates a probable right to the relief sought. As shown through the facts pleaded above, Plaintiff has a probable right to relief against Defendants for improperly denying him access to the books and records.

22.      In meeting this element, the applicant is not required to prove at this stage that it will prevail on final trial; instead, it must present some evidence that, under the applicable rules of law, tends to support its causes of action.   *INEOS Grp. Ltd. v. Chevron Phillips Chem. Co.,* 312 S.W.3d 843, 848 (Tex.App.—Houston [1st Dist.] 2009, no pet.). Here, Plaintiff's petition satisfies this requirement in that it demonstrates that Defendants have improperly denied Drew access to the books and records.

23.      Finally, Plaintiff pleads and provides evidence of a probable, imminent and irreparable injury, with no adequate remedy at law.   If the Court does not grant the injunctive relief Plaintiff seeks, harm is probable and imminent because Defendants will likely secret the assets of PermitRocket.

24.      The harm is irreparable to Plaintiff, who will lose his ownership interest in his company if Defendants are permitted to proceed. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru,* 84 S.W.3d at 204.

# EXHIBIT B

25.     For these reasons, Plaintiff asks the Court to restrain Defendants from preventing access to the books and records, and ordering Defendants provide access to such books and records. Plaintiff asks the Court to restrain all Defendants from interfering with the with the normal business operations of ELM and Condor.

26.     Plaintiff requests an *ex parte* entry of the temporary restraining order he seeks. If the TRO is not granted, Plaintiff will suffer irreparable injury and loss, and there is not enough time to formally serve notice on Defendants before Defendants continue this damaging activity.

27.     Plaintiff is willing to post a reasonable bond in an amount to be determined by the Court.

## VIII.   ATTORNEY'S FEES

28.     Based on the foregoing, Plaintiff employed the undersigned law firm to enforce his rights against Defendants.  Pursuant to Texas Business and Organizations Code § 101.503, Plaintiff seeks recovery from the Corporate Defendants for all costs and expenses, including attorney's fees, which Plaintiff has incurred in enforcing his rights under Section 101.502 of the Texas Business Organizations Code.

29.     Furthermore, Plaintiff respectfully asks the Court to award his attorney fees against Defendants pursuant to Texas Civil Practice and Remedies Code Section 37.009.

## IX.   REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court cite the Defendants to appear herein and answer this suit, and upon final trial or hearing of this cause award to the Plaintiff the following relief:

a)     Judgment against Defendants for reasonable and necessary attorney's fees and expenses incurred by Plaintiff in enforcing Plaintiff's rights under Texas Business Organizations Code §101.503;

b)     Declaratory relief;

# EXHIBIT B

c)   Judgment against Defendants, jointly and/or severally, in an amount within the jurisdictional limits of the Court, including, but not limited to, actual damages, exemplary damages, pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate;

d)   Judgment for attorneys' fees and costs of suit pursuant to Texas Civil Practice and Remedies Code Section 37.009 and any other applicable laws or statute against Defendants, jointly and/or severally;

e)   Injunctive relief; and,

f)   Any and all further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

THE SNELL LAW FIRM, P.L.L.C.

BY:      */s/ Jason W. Snell*
Jason W. Snell
Bar No. 24013540
Lauren Mistretta
Bar No. 24118473
J. Lynn Watson
Bar No. 20761510
1615 W. 6th St., Suite A
Austin, Texas 78703
(512) 477-5291 – Telephone
(512) 477-5294 – Facsimile
firm@snellfirm.com – Email

ATTORNEYS FOR PLAINTIFF

# EXHIBIT B
## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jason Snell on behalf of Jason Snell
Bar No. 24013540
firm@snellfirm.com
Envelope ID: 52030645
Status as of 4/1/2021 4:59 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason Snell | 24013540 | firm@snellfirm.com | 3/31/2021 4:28:03 PM | SENT |